1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARK FREGIA,                          No.  2:19-cv-2196 JAM KJN P

12              Plaintiff,

13        v.                               ORDER AND FINDINGS AND
                                           RECOMMENDATIONS
14   P.A. MIRANDA, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel.  The fully-briefed motion to

18   dismiss filed by defendants P.A. Miranda and Dr. Ridge is now before the court.[1]  As discussed

19   below, the defendants' request for judicial notice is granted, plaintiff's request for judicial notice

20   is denied, the undersigned recommends that defendant Miranda's motion be granted, and that

21   defendant Dr. Ridge's motion to dismiss be denied, and this action be transferred to the Fresno

22   Division of the Eastern District.

23   I.  Requests for Judicial Notice

24        Moving defendants ask the court to take judicial notice of certain pleadings, records and

25   filings in Fregia v. St. Clair, et al., No. 1:16-cv-1866 (E.D. Cal. Fresno Div.).  (ECF No. 38-2 at

26   ////

27

28   _____

     [1]  Defendant Dr. Savage filed an answer on March 23, 2020.  (ECF No. 28.)

1

5-10.)  Plaintiff did not oppose the request.  Good cause appearing, defendants' request is granted. Fed. R. Evid. 201(b).

On the other hand, plaintiff seeks judicial notice of certain medical records, the first page of his complaint filed in <u>St. Clair</u>, copies of administrative appeals, a health care services request form, and a medical chrono.  (ECF No. 41 at 13-38.)  For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.  <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212 (9th Cir. 2012).  The exhibits plaintiff submitted with his request for judicial notice, aside from page one of his complaint in <u>St. Clair</u>, No. 1:16-cv-1866, are not properly subject to judicial notice.  Therefore, plaintiff's request for judicial notice is denied.  In addressing the instant motion to dismiss, the court solely considers plaintiff's complaint, exhibits appended to his complaint, and the records and filings in plaintiff's prior case, <u>St. Clair</u>.

II.  <u>Are Plaintiff's Claims Against P.A. Miranda Time-Barred?</u>

A.  <u>Standards Governing the Statute of Limitations</u>

Because 42 U.S.C. § 1983 does not have its own limitations period, this court applies California's "statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."  <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004).  California's statute of limitations for personal injury actions is two years.  Cal. Civ. Proc. Code § 335.1; <u>Jones v. Blanas</u>, 393 F.3d at 927; <u>Maldonado v. Harris</u>, 370 F.3d 945, 954-55 (9th Cir. 2004).

Such limitation period is statutorily tolled for a period of two years for a person who is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life."  Cal. Civ. Proc. Code § 352.1.  Only prisoners sentenced to life without the possibility of parole are excluded from such additional two-year tolling provision.  <u>See</u> <u>Brooks v. Mercy Hospital</u>, 1 Cal. App. 5th 1, 7 (Cal. App. 2016) (holding the statutory language of § 352.1(a) excludes those sentenced to life without the possibility of parole, but is applicable to prisoners serving a sentence of life with the possibility of parole).

In addition, prisoners are entitled to tolling during the exhaustion of mandatory

administrative remedies. Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory [administrative] exhaustion process" required under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a)).

This court must apply California law governing equitable tolling. Jones v. Blanas, 393 F.3d at 927. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting Addison v. California, 21 Cal. 3d 313, 317 (1978)); Dimcheff v. Bay Valley Pizza, Inc., 84 F. App'x 981, 983 (9th Cir. 2004). "Under California law, tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defendant against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim." Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002) (citation and internal quotation marks omitted); Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999). A plaintiff is only entitled to equitable tolling if all three prongs of the test are satisfied. Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001). Plaintiff bears the burden to plead facts demonstrating he is entitled to equitable tolling. Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). "California courts apply equitable tolling 'to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice.'" Jones v. Blanas, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)).

"Although state law determines the length of the limitations period, 'federal law determines when a civil rights claim accrues.'" Azer, 306 F.3d at 936 (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). "Under federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Finally, on a motion to dismiss, this court may resolve the statute of

1  limitations issue only where the "running of the statute [of limitations] is apparent on the face of

2  the complaint."  United States ex rel. Air Control Tech., Inc. v. Pre Con Industries, Inc., 720 F.3d

3  1174, 1178 (9th Cir. 2013) (internal quotation and citations omitted).

4        B.  Discussion

5        Plaintiff's allegations as to defendant P.A. Miranda accrued between 2009 and 2014.

6  Plaintiff filed the instant action on October 31, 2019.  (ECF No. 1.)  Taking plaintiff's allegations

7  as true, and liberally commencing the limitations period on December 31, 2014, plaintiff had until

8  Monday, December 31, 2018, to bring suit against defendant P.A. Miranda.  Absent tolling,

9  plaintiff's complaint was filed over ten months too late.

10       Plaintiff is allowed tolling for the period of time in which he exhausts his administrative

11  remedies.  Brown v. Valoff, 422 F.3d at 943 (holding limitations period tolled while completing

12  required administrative appeal process).  However, as pointed out by moving defendants, plaintiff

13  only provided copies of his administrative appeals demonstrating he exhausted his administrative

14  remedies as to defendants Dr. Ridge and Dr. Savage related to their treatment at Sierra

15  Conservation Center on November 17, 2017.  (ECF No. 1 at 17-27.)  Moreover, in his opposition,

16  plaintiff failed to provide facts or argument demonstrating that the administrative appeal process

17  would grant him sufficient tolling.  (ECF No. 41 at 2, 7.)  He provided no dates for which

18  exhaustion as to defendant Miranda may have occurred.

19       Nevertheless, even assuming plaintiff exhausted his administrative remedies as to

20  defendant Miranda, plaintiff would not be entitled to any additional tolling beyond the tolling

21  provided as a result of his imprisonment inasmuch as such time would be subsumed within such

22  two year tolling period provided under section 352.1.  See Wilkins v. Vancott, 2018 WL

23  3763316, at *5 (N.D. Cal. 2018), citing Oliver v. McDaniel, 2016 WL 4535389 (C.D. Cal. June 2,

24  2016) ("The general rule is that tolling is applied concurrently, not consecutively.  Thus, when

25  two tolling provisions apply to the same period of time, they overlap each other and are not

26  tacked onto each other.").

27       Finally, plaintiff fails to argue he is otherwise entitled to equitable tolling under California

28  law.  He does not claim that he was pursuing a legal remedy in another forum.

4

Accordingly, the undersigned finds that it is apparent from the face of plaintiff's complaint that his claims against defendant P.A. Miranda are barred by the statute of limitations, and should be dismissed with prejudice.

III.   Are Claims Spared By the Discovery Rule or the Continuing Violation Doctrine?

A.   Discovery Rule

The Ninth Circuit applies the discovery rule in § 1983 cases in which Eighth Amendment violations are alleged.  See, e.g., Gregg v. Hawaii, Dep't of Pub. Safety, 870 F.3d 883, 886-87 (9th Cir. 2017) (finding an Eight Amendment deliberate indifference claim accrued when Gregg knew, or had reason to know, through reasonable diligence, that her psychological injuries were caused by improper conduct in therapy); Bibeau v. Pac. Nw. Research Found. Inc., 188 F.3d 1105, 1108 (9th Cir. 1999), opinion amended on denial of reh'g, 208 F.3d 831 (9th Cir. 2000) (applying discovery rule in an Eighth Amendment action involving experimental testicular irradiation experiments in prison, brought years after the experiments ended).  Federal law determines when the claim accrues.  Gregg, 870 F.3d at 887.  Under federal law, a civil rights claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  Bird v. Dep't of Human Servs., 935 F.3d 738, 743 (9th Cir. 2019) (quoting Morales v. City of Los Angeles, 214 F.3d 1151, 1153-54 (9th Cir. 2000)).  A plaintiff "must be diligent in discovering the critical facts."  Gregg, 870 F.3d at 887.  "A cause of action accrues even if 'the full extent of the injury is not then known.'"  Id., citing Wallace v. Kato, 549 U.S. 384, 391 (2007) (quoting 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-27 (1991)).

Here, as detailed above, plaintiff's complaint demonstrates that by 2014, plaintiff had reason to know that he suffered a skin condition.  His allegations demonstrate that plaintiff was aware on or about April 6, 2011, that he was diagnosed with lichen planus.  (ECF No. 1 at 3.) Yet plaintiff did not file this action until October 31, 2019.  Unlike cases of later-diagnosed cancer or injuries that were not obvious or not discovered until after the limitations period expired, plaintiff's skin condition was obvious and documented in 2011 to 2014.  Plaintiff now claims that it was not until January 18, 2017, when he was able to see a dermatologist, that plaintiff was diagnosed with a second skin disease, dermatitis.  (ECF No. 41 at 8.)  But he also

5

claims that at that time the dermatologist also treated plaintiff's lichen planus. "A cause of action accrues even if 'the full extent of the injury is not then known.'" Gregg, 870 F.3d at 887. Therefore, plaintiff does not gain benefit from the discovery rule because his complaint demonstrates he was aware of his skin condition lichen planus by at least 2011.

      B.  The Continuing Violation Doctrine

      The continuing violation doctrine is an exception to the discovery rule of accrual which may allow a plaintiff to seek relief for incidents occurring outside the limitations period. See Bird v. Dep't of Human Servs., 935 F.3d 738, 746 (9th Cir. 2019), citing Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001). Historically, the Ninth Circuit recognized two applications: (1) the "related acts" continuing violation theory, also known as the "serial acts" theory; and (2) the maintenance of a discriminatory system occurring both before and within the limitations period, also known as the systematic branch of the continuing violation doctrine. Bird, 935 F.3d at 746. However, the Supreme Court limited the related acts continuing violation theory in National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). The Court held that "'discrete . . . acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges' because [[e]ach discrete . . . act starts a new clock for filing charges alleging that act.'" Bird, 935 F.3d at 747 (citing Morgan, 536 U.S. at 113). See also Carpinteria Valley Farms, Ltd. v. County of Santa Barbara, 344 F.3d 822, 829 (9th Cir. 2003) ("Although Morgan was a Title VII case . . . we have applied Morgan to bar § 1983 claims predicated on discrete time-barred acts, notwithstanding that those acts are related to timely filed claims."). In Bird, the Ninth Circuit noted it has also applied Morgan "to abrogate the systematic branch of the continuing violations doctrine as well,"[2] concluding that "little remains of the continuing violations doctrine." Id., 935

---

[2] The Ninth Circuit cited two examples. Bird, 935 F.3d at 747, citing Lyons v. England, 307 F.3d 1092, 1107 (9th Cir. 2002) (reasoning "that a plaintiff's "assertion that [a] series of discrete acts flows from a company-wide, or systematic, discriminatory practice will not succeed in establishing the employer's liability for acts occurring outside the limitations period."); Cherosky v. Henderson, 330 F.3d 1243, 1247 (9th Cir. 2003) (rejecting argument that plaintiffs could recover damages under the systematic branch of the continuing violations doctrine as long as such acts were conducted under a discriminatory company policy, deciding that "[t]he allegation that. . . discrete acts were undertaken pursuant to a discriminatory policy does not extend the statutory limitations period." Bird, 330 F.3d at 1247.

6

1   F.3d at 747. "Except for a limited exception for hostile work environment claims -- not at issue

2   here -- the serial acts branch is virtually non-existent."[3]  Id.

3          Thus, after Bird, plaintiff's allegations fail to meet the continuing violations exception

4   now limited by the Supreme Court and the Ninth Circuit.  Plaintiff does not allege facts

5   suggesting a "class-wide pattern-or-practice claim."  Rather, plaintiff alleges defendant P.A.

6   Miranda was deliberately indifferent to plaintiff's serious medical needs while plaintiff was

7   incarcerated at High Desert State Prison from 2009 to 2014.  None of these alleged violations

8   occurred within the four-year limitations period.  Therefore, plaintiff cannot satisfy the more

9   restrictive continuing violation test as to defendant P.A. Miranda, and is not entitled to such

10  exception.  Plaintiff claims that he continued to suffer from lichen planus, but the "mere

11  continuing impact from past violations is not actionable."  Knox, 260 F.3d at 1013 (emphasis and

12  citation omitted).  Thus, the continuing violations doctrine does not save any claim based on

13  plaintiff's allegations against defendant P.A. Miranda.

14  IV.  Are Claims Against Dr. Ridge Barred by Claim Preclusion?

15         A.  Legal Standards

16         The doctrine of claim preclusion bars the re-litigation of claims previously decided on

17  their merits.  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005).  "Under

18  the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very

19  same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"

20  Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine, 532 U.S. 742,

21  748 (2001)).  "The elements necessary to establish res judicata are: '(1) an identity of claims, (2)

22  a final judgment on the merits, and (3) privity between parties.'"  Headwaters, Inc., 399 F.3d at

23  1052 (quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064,

24  1077 (9th Cir. 2003)).

25         When determining, for claim preclusion purposes, whether the present dispute concerns

26  _____

27  [3]  The Ninth Circuit further noted that while some room was left for "the systematic branch to
    apply to class-wide pattern-or-practice claims," . . . "we have consistently refused to apply the
28  systematic branch to rescue individualized claims that are otherwise time-barred."  Id.

1    the same claims as prior litigation, the Ninth Circuit considers:  "(1) [W]hether rights or interests

2    established in the prior judgment would be destroyed or impaired by prosecution of the second

3    action; (2) whether substantially the same evidence is presented in the two actions; (3) whether

4    the two suits involve infringement of the same right; and (4) whether the two suits arise out of the

5    same transactional nucleus of facts.  The last of these criteria is the most important."  <u>Headwaters,</u>

6    <u>Inc.</u>, 399 F.3d at 1052 (quoting <u>Costantini v. Trans World Airlines</u>, 681 F.2d 1199, 1201-02 (9th

7    Cir. 1982) (alterations in original).  Privity between the parties is required.  <u>U.S. v. Bhatia</u>, 545

8    F.3d 757, 759 (9th Cir. 2008) (citing <u>U.S. v. Cejas</u>, 817 F.2d 595, 598 (9th Cir. 1987)).

9        B. <u>Discussion</u>

10   As noted by defendants, plaintiff does not dispute that the judgment entered in <u>St. Clair</u>,

11   No. 1:16-cv-1866 AWI JLT, constitutes a final judgment on the merits.  "[A] dismissal for failure

12   to state a claim . . . is a 'judgment on the merits' to which res judicata applies."  <u>See</u> <u>Stewart v.</u>

13   <u>U.S. Bancorp</u>, 297 F.3d 953, 957 (9th Cir. 2002), quoting <u>Federated Dep't. Stores v. Moitie</u>, 452

14   U.S. 394, 399, n.3 (1991)).  There is privity between the parties because the parties are the same.

15   Therefore, the issue is whether there is an identity of claims.  Defendants contend that

16   plaintiff's Eighth Amendment claim in this action against Dr. Ridge is precluded by plaintiff's

17   complaint against Dr. Ridge in <u>St. Clair</u>, No. 1:16-cv-1866 AWI JLT, because plaintiff alleged

18   that Dr. Ridge was deliberately indifferent to plaintiff's serious medical needs by providing him

19   with medications and/or medical treatment with which plaintiff disagreed, and included his claim

20   that Dr. Ridge caused him to develop lichen planus.  Thus, defendants argue there is an identity of

21   claims, meeting all of the elements of claims preclusion.

22   Plaintiff concedes that he mentioned the skin disease lichen planus, but only in his original

23   complaint, and "only in the context that he was willing to waive holding the State of California

24   doctors liable for causing him to contract the lichen planus disease through medications they had

25   prescribed."  (ECF No. 41 at 3.)  Plaintiff argues that his original complaint was entirely based on

26   the doctors forcing plaintiff to take medications under threats of reprisals if he failed to do so, and

27   asserted his right to refuse medication or request alternative medications.  Plaintiff further points

28   out that the disease lichen planus was not mentioned in his second amended complaint, and

1    contends the basis of the instant complaint is entirely different from that pled in <u>St. Clair</u>.

2        Local Rule 220 requires that an amended complaint be complete in itself without

3 reference to any prior pleading. This requirement exists because, as a general rule, an amended

4 complaint supersedes the original complaint. <u>See Ramirez v. County of San Bernardino</u>, 806

5 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being

6 treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff filed an amended

7 complaint, the original pleading no longer served any function. Therefore, in order to determine

8 whether plaintiff's claim against Dr. Ridge is barred by claims preclusion, the court looks to

9 plaintiff's second amended complaint filed in <u>St. Clair</u> because it was the operative pleading.[4]

10 (ECF No. 38-2 at 92.) In such pleading, plaintiff names Dr. Ridge and Dr. Savage, and

11 essentially objects that they required plaintiff to take insulin after a prior doctor allowed plaintiff

12 to go off insulin. (ECF No. 38-2 at 94-95.) Plaintiff claimed he had the right to refuse medical

13 treatment, and sought money damages. (ECF No. 38-2 at 96.)

14        The undersigned cannot find that such allegations arise out of the same transactional

15 nucleus of facts. There is no mention of plaintiff's skin condition in the operative pleading, and

16 the resolution of such claim would not involve the same evidence. Finally, the findings and

17 recommendations, adopted in full, are devoid of any reference to plaintiff's skin condition.

18 Therefore, the undersigned cannot find that plaintiff's skin condition claim against Dr. Ridge was

19 heard on the merits, or that there was an identity of claims. Accordingly, defendant Ridge's

20 motion to dismiss should be denied.

21 V.   <u>Transfer</u>

22        Plaintiff's remaining claims are against defendants Dr. Ridge and Dr. Savage, and concern

23 medical care provided at the Sierra Conservation Camp in Jamestown, California. The alleged

24 violations took place in Tuolumne County, which is part of the Fresno Division of the United

25 States District Court for the Eastern District of California. <u>See</u> Local Rule 120(d).

26

27 _____

[4]   But even if the court considered plaintiff's original complaint, the pleading makes clear that plaintiff mentioned the skin condition solely for purposes of settlement. (ECF No. 38-2 at 7) ("If this claim is settled, I will waive my right to sue C.D.C.R. in the future, for the lichen planus they made me get by keeping me on Metformin and Hydrochlorathazide.")

28

1    Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper

2    division of a court may, on the court's own motion, be transferred to the proper division of the

3    court. Therefore, this action should be transferred to the Fresno Division of the court.

4    VI. Order & Recommendations

5    Accordingly, IT IS HEREBY ORDERED that:

6    1. Defendants' request for judicial notice (ECF No. 38-2 is granted; and

7    2. Plaintiff's request for judicial notice (ECF No. 41 at 10-38) is denied.

8    Further, IT IS RECOMMENDED that:

9    1. Defendant Miranda's motion to dismiss (ECF No. 38) be granted;

10   2. Defendant Dr. Ridge's motion to dismiss (ECF No. 38) be denied; and

11   3. This action be transferred to the Fresno Division of the Eastern District of California.

12   These findings and recommendations are submitted to the United States District Judge

13   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

14   after being served with these findings and recommendations, any party may file written

15   objections with the court and serve a copy on all parties.  Such a document should be captioned

16   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

17   objections shall be filed and served within fourteen days after service of the objections.  The

18   parties are advised that failure to file objections within the specified time may waive the right to

19   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20   Dated:  April 12, 2021

21

22

23   /freg2196.mtd.sol

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

10