# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FREGIA,<br><br>              Plaintiff,<br><br>    v.<br><br>MIRANDA, *et al.*,<br><br>              Defendants. | Case No. 1:21-cv-01068-AWI-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO CORRECT DOCKET ENTRY No. 58<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br>(ECF No. 58)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br>(ECF No. 58)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Introduction**

Plaintiff Mark Fregia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Ridge and Savage based on Plaintiff's claims that Defendants were deliberately indifferent to Plaintiff's serious medical needs by continuing to prescribe medications that caused him to suffer lichen plantus, and then failed to treat such skin condition.

///

///

1

## II. Request for Judicial Notice

On July 8, 2021, Plaintiff filed a request for the Court to take judicial notice of his included motion requesting a temporary restraining order and preliminary injunction. (ECF No. 58.) As discussed below, Plaintiff's motion references alleged due process violations committed by CDCR staff at the mailroom of Mule Creek State Prison ("MCSP"), Plaintiff's current institution. (*Id.*)

Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). A motion is not the type of adjudicative fact that is judicially noticeable. Accordingly, Plaintiff's request for judicial notice is denied.

## III. Motion for Permanent and Preliminary Injunction

In his motion, Plaintiff alleges that the legal desk at MCSP has stopped returning Declarations of Service that prove inmates' legal mail was sent out in a timely fashion, or return them unsigned by the mailroom staff, rendering it unofficial and useless. (ECF No. 58.) Plaintiff therefore requests that the Court order: (1) an injunction and restraining order on the Warden of MCSP regarding the alleged withholding of Plaintiff's Declarations of Service proving his outgoing legal mail; (2) a hearing on this matter; and (3) the staff at MCSP to not retaliate against Plaintiff. (*Id.*)

Defendants have not had the opportunity to file a response, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation

omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The injunctive relief requested is directed at the Warden of MCSP and his subordinates in the mailroom, who are not parties to this action. Thus, the Court at this time lacks personal jurisdiction over the third parties who would be enjoined. Furthermore, Plaintiff has requested relief that he admits is unrelated to his claims regarding his own medical care.

**IV.    Order and Recommendation**

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Clerk of the Court is DIRECTED to correct the docket for Plaintiff's request for judicial notice, (ECF No. 58), to include a motion for temporary restraining order and preliminary injunction; and

2. Plaintiff's request for judicial notice, (ECF No. 58), is DENIED.

///

3

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for temporary restraining order and preliminary injunction, (ECF No. 58), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 14, 2021**                     /s/ Barbara A. McAuliffe
                                             UNITED STATES MAGISTRATE JUDGE