# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FREGIA,<br><br>            Plaintiff,<br><br>    v.<br><br>MIRANDA, *et al.*,<br><br>            Defendants. | Case No. 1:21-cv-01068-AWI-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br>(ECF No. 71)<br><br>ORDER DENYING MOTION FOR EXPERT WITNESS<br>(ECF No. 72) |

      Plaintiff Mark Fregia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Ridge and Savage based on Plaintiff's claims that Defendants were deliberately indifferent to Plaintiff's serious medical needs by continuing to prescribe medications that caused him to suffer lichen plantus, and then failed to treat such skin condition.

      Pursuant to the Court's September 2, 2021 discovery and scheduling order, discovery closed in this action on May 2, 2022, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is July 14, 2022. (ECF No. 68.)

      Currently before the Court are Plaintiff's motion to appoint counsel and motion for expert witness, filed on June 27, 2022. (ECF Nos. 71, 72.) Defendants have not yet had an opportunity to file responses to the motions, but the Court finds responses are unnecessary. The motions are deemed submitted. Local Rule 230(l).

1

**I.      Motion to Appoint Counsel**

Plaintiff files his motion to appoint counsel in conjunction with his motion for appointment of an expert witness. (ECF No. 71.) Plaintiff argues that the ends of justice will be served by appointment of counsel, including for temporary scope representation, to question, extract testimony, and provide essential impartial medical testimony that Plaintiff feels must be established for him to receive a fair trial, due to the complexity of the medical facts that can only be obtained by an expert witness being questioned or cross examined. Plaintiff contends that due to complex scientific evidence, based on medicine, Plaintiff needs counsel who can intelligently and vigorously cross examine experts in a way that the Court and jury can understand. Plaintiff also submits that appointment of counsel would even the playing field with respect to issues like limited access to the law library and obtaining copies of documents to submit to the Court. Finally, Plaintiff requests leave from any further scheduling orders until experts can be questioned, make reports, and be cross examined. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases involving medical issues filed

by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although Plaintiff claims that he has "logistically" survived Defendants' motion for summary judgment because there are claims Defendants have not attempted to challenge in that way to date, as noted above, the deadline for filing dispositive motions has not yet expired. Thus, although Plaintiff has stated some claims which have survived a previous motion to dismiss, the Court cannot say that those claims have a likelihood of ultimately being successful in the face of a motion for summary judgment or at trial. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

**II.     Motion for Appointment of Expert Witness**

Federal Rule of Evidence 706 authorizes courts, within their discretion, to appointment a neutral, independent expert witness. Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). The appointment of such an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." *Ledford v. Sullivan*, 105 F.3d 354, 358–59 (7th Cir. 1997).

However, the statute authorizing a petitioner's *in forma pauperis* status does not authorize the expenditure of public funds for expert witnesses. *See* 28 U.S.C. § 1915; *Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) (expenditure of public funds on behalf of indigent litigant is proper only when authorized by Congress); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses). An indigent prisoner litigant must bear his or her own costs of litigation, including witnesses. *See, e.g.*, *Tedder*, 890 F.2d at 211.

Furthermore, although a court may apportion costs for the expert witnesses among the parties, including apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker*, 180 F.3d at 1071, where the cost would likely be apportioned to the state, the court should exercise caution.

Plaintiff argues that his meaningful access to the Court can only be provided through essential medical expert testimony. (ECF No. 72.) Plaintiff must gather scientific medical facts and data, experience, etc. in relation to lichen planus, medications or standards of care, as well as what the psychological effect of severe itching, due to denial of treatment for several years, would cause. This is the only way Plaintiff can present the full extent of his claims and injuries. Plaintiff requests a psychologist as well as a dermatologist who can testify about lichen planus and the most common offender medications. Plaintiff argues that he cannot receive a fair trial without this impartial medical testimony. Plaintiff cites to various federal and state court decisions for the proposition that state expenditures are necessary to pay for lawyers or experts for indigent defendants, as well as plaintiffs, at trial. Plaintiff further contends that he is not a medical expert and cannot testify about issues of medications or their function, and he has no way to pay for an expert because he is indigent. (*Id.*)

Federal Rule of Evidence 706 does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff. *Brooks v. Tate*, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (denying appointment of medical expert on behalf of state prisoner in section 1983 action); *Gorrell v. Sneath*, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party). Moreover, Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins*, 2012 WL 5880431, * 12 (E.D. Cal. 2012).

To the extent Plaintiff argues that he is entitled to appointment of an expert witness to advocate on his behalf, the Court notes that Plaintiff has referenced case law that provides for the appointment of counsel and experts for indigent defendants in criminal cases. However, the instant case is a civil action, and Plaintiff is not the defendant. Thus, Plaintiff is not entitled to appointment of an expert witness on his behalf.

Finally, there is no indication that a neutral expert will be required to assist the trier of fact in this matter. Plaintiff's allegations are not so complicated as to require the appointment of an expert witness to assist the court and/or a jury.

### III. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel, (ECF No. 71), is DENIED, without prejudice;
2. Plaintiff's motion for expert witness, (ECF No. 72), is DENIED, without prejudice; and
3. The deadline for filing all dispositive motions remains **July 14, 2022**.

IT IS SO ORDERED.

Dated: **June 28, 2022**    /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE