# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FREGIA,<br><br>    Plaintiff,<br><br>    v.<br><br>MIRANDA, *et al.*,<br><br>    Defendants. | Case No. 1:21-cv-01068-AWI-BAM (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO ORDER GRANTING DEFENDANT RIDGE'S REQUEST TO MODIFY SCHEDULING ORDER AND DENYING PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE<br><br>(ECF No. 77) |

Plaintiff Mark Fregia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Ridge and Savage based on Plaintiff's claims that Defendants were deliberately indifferent to Plaintiff's serious medical needs by continuing to prescribe medications that caused him to suffer lichen plantus, and then failed to treat such skin condition.

On July 13, 2022, Defendant Ridge filed a motion to extend the time to file a dispositive motion by 50 days, or until September 2, 2022.[1]  (ECF No. 74.)  The Court construed the filing as a motion to modify the scheduling order, found good cause to grant the requested modification, and found that Plaintiff would not be prejudiced by the requested extension.  (ECF No. 76.)

Currently before the Court are Plaintiff's objections to the Court's order granting Defendant Ridge's motion, filed July 29, 2022. (ECF No. 77.)  Plaintiff argues that the

---

[1] Defendant Savage separately filed a motion for summary judgment on the original dispositive motion deadline of July 14, 2022.  (ECF No. 75.)

1

undersigned is unable to rule impartially and that the rulings in this action have assisted defense counsel in this case.  Plaintiff requests oral argument, case management, and that the trial judge take over all further proceedings.  Plaintiff contends that Defendant Ridge and counsel had years to submit dispositive motions, and counsel is paid with taxpayer dollars while Plaintiff is litigating as an indigent prisoner.  Plaintiff alleges other examples that he contends demonstrate bias against him in this action, including discussions during prior settlement conferences with a different magistrate judge and pending deadlines in other actions he has filed in this district.  Although Plaintiff states that the extension of the dispositive motion deadline in this action prejudices him with respect to his other pending case, Plaintiff does not explain how these matters are related and how he will be prejudiced.  (*Id.*)

The Court finds Plaintiff's objections unpersuasive.  As stated in the Court's July 15, 2022 order granting Defendant Ridge's motion, the Court found that Defendant presented good cause for the requested extension.  (ECF No. 76.)  As discussed in the Court's order, new counsel was substituted for Defendant Ridge on May 24, 2022, and although new counsel has been diligently investigating the claim and preparing to draft the dispositive motion by the due date, has been waylaid by unanticipated health issues.  The Court finds that these circumstances, outside of the control of Defendant Ridge or defense counsel, present good cause for a relatively brief extension of the dispositive motion deadline, particularly as it applies only to Defendant Ridge.

Having considered the objections, the Court finds that extension of the dispositive motion deadline as to Defendant Ridge was appropriate.

As to Plaintiff's request that the trial judge take over all further proceedings in this action, the Court construes the request as a motion for recusal by the undersigned.  A magistrate judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Johnson*, 610 F.3d at 1147 (quotation marks and citation omitted); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). "Adverse findings do not equate to bias," *Johnson*, 610 F.3d at 1147.

Plaintiff's arguments are not sufficient to show personal bias or prejudice by the undersigned. Plaintiff's objection to the Court extending a deadline or making other rulings that are not in his favor does not in and of itself demonstrate bias against him. Plaintiff's disagreement with the Court's rulings is not a legitimate ground for seeking recusal or disqualification. There is no evidence that the undersigned's orders were derived from any extrajudicial source beyond the papers and record in this matter, and Plaintiff's conclusory allegations that the decisions in this case are in any way related to the decisions of other judges in other matters do not demonstrate otherwise.

Finally, the Court notes that the merits of Plaintiff's objections have been addressed here as a one-time exception, but unless expressly permitted by the Court's Local Rules, Plaintiff does not have the right to object to a ruling by the Court. *See, e.g.* Local Rule 304 (permitting objections to findings and recommendations submitted to the District Judge).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's objections to the order granting Defendant Ridge's motion to modify the discovery and scheduling order, (ECF No. 77), are OVERRULED; and
2. Plaintiff's motion for recusal of magistrate judge, (ECF No. 77), is DENIED.

IT IS SO ORDERED.

Dated:   **August 2, 2022**            /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE