1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                      EASTERN DISTRICT OF CALIFORNIA

10

11    MARK FREGIA,                          Case No.  1:21-cv-01068-AWI-BAM (PC)

12              Plaintiff,                   ORDER DENYING PLAINTIFF'S MOTION
                                             FOR DEFENDANT RIDGE TO OBTAIN HIS
13        v.                                 OWN COUNSEL
                                             (ECF No. 91)
14    SAVAGE, *et al.*,
                                             ORDER DENYING PLAINTIFF'S MOTION
15              Defendants.                  FOR STAY OF PROCEEDINGS
                                             (ECF No. 90)
16
                                             FINDINGS AND RECOMMENDATIONS
17                                           REGARDING PLAINTIFF'S MOTION FOR
                                             EMERGENCY INJUNCTION
18                                           (ECF No. 90)

19                                           **FOURTEEN (14) DAY DEADLINE**

20

21        Plaintiff Mark Fregia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

22   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against

23   Defendants Ridge and Savage based on Plaintiff's claims that Defendants were deliberately

24   indifferent to Plaintiff's serious medical needs by continuing to prescribe medications that caused

25   him to suffer lichen planus, and then failed to treat such skin condition.

26        Pending before the Court are Defendant Savage's motion for summary judgment, (ECF

27   No. 75), and Defendant Ridge's motion for summary judgment, (ECF No. 81).  As of October 21,

28   2022, both motions are fully briefed.  (ECF Nos. 82, 85–88.)

On November 29, 2022, Plaintiff filed a notice to the Court regarding his property. (ECF No. 89.) Plaintiff then filed a request for emergency injunction and stay of further proceedings on December 27, 2022, (ECF No. 90), and a motion for Defendant Ridge to obtain his own counsel on January 5, 2023, (ECF No. 91). Defendants did not file responses to any of these filings, and the time to do so has expired. Plaintiff's motion is deemed submitted. Local Rule 230(l).

## I.    Plaintiff's Allegations

In his filings, Plaintiff states that between November 13, 2022 and November 14, 2022, correctional officers and supervisors confiscated Plaintiff's property while he was being evaluated in a suicide watch cell, destroying all of his personal property and legal property related to this action and his other pending case, *Fregia v. Chen*, Case No. 1:20-cv-01024-ADA-EPG. (ECF Nos. 89, 90.) Plaintiff alleges that this group of correctional staff, which does not include Defendants Ridge or Savage, purposely destroyed his property in retaliation for Plaintiff's lawsuits against CDCR staff. Plaintiff argues that he cannot proceed *in forma pauperis* or *in pro per* without these documents and requests that the Court stay all further proceedings until CDCR staff produces these documents, video of the incident, including the 1083 property log, or that these documents can be reissued and the appropriate investigation be done. (ECF No. 90.)

In his motion for Defendant Ridge to obtain new counsel, Plaintiff further alleges that the bulk of his property, that he previously alleged had all been destroyed, was returned, there were several missing legal documents pertaining to his pending cases, including the instant action. (ECF No. 91, p. 2.) Plaintiff alleges that none of his property was returned until two weeks after the confiscation, after the Magistrate Judge in *Fregia v. Chen* ordered the Warden of Mule Creek State Prison to respond to his allegations. Plaintiff argues that his property was only returned due to that order. Plaintiff goes on to allege further wrongdoing by defense counsel in *Fregia v. Chen* related to Plaintiff's property issues, which the Court declines to address here. Plaintiff otherwise argues that it is a conflict of interest for Deputy Attorney General Buranich to continue to represent Defendant Ridge in this action, because Plaintiff believes that there is an improper connection between Mr. Buranich and defense counsel in *Fregia v. Chen*, Deputy Attorney General Singer. (*Id.* at 4.) Plaintiff further contends that the Attorney General's Office is

2

1  responsible for investigating alleged crime when an agency is involved, and Defendants should

2  provide their own representation not paid by taxpayers.  (*Id.*)

3  **II.      Motion for Defendant Ridge to Obtain His Own Counsel**

4         The Court finds no merit to Plaintiff's arguments that a conflict of interest exists due to

5  the Attorney General's representation of Defendant Ridge in this action, or to the claim that there

6  is some improper connection between defense counsel in this action and defense counsel in

7  Plaintiff's other pending litigation.  Plaintiff cites only to cases from the Seventh and Tenth

8  Circuits that do not control here and do not support his arguments that counsel from the Attorney

9  General's Office cannot represent Defendant.  (ECF No. 91, p. 4.)  The Court is also not aware of

10  any such authority.  The request is denied.

11  **III.     Motion for Stay of Proceedings**

12         The district court "has broad discretion to stay proceedings as an incident to its power to

13  control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North*

14  *American Co.*, 299 U.S. 248, 254 (1936)).  "Generally, stays should not be indefinite in nature."

15  *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007).

16  If a stay is especially long or its term is indefinite, a greater showing is required to justify it.

17  *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  The party seeking the stay bears the burden

18  of establishing the need to stay the action.  *Clinton*, 520 U.S. at 708.

19         As noted above, Defendant Ridge's and Defendant Savage's motions for summary

20  judgment were fully briefed prior to the confiscation of Plaintiff's property.  Though Plaintiff

21  argues that he cannot proceed in this litigation without his property, and that certain legal

22  documents related to this action have not yet been returned, Plaintiff does not specify why a stay

23  of this action is necessary.  No further briefing is required for either motion for summary

24  judgment, and there are no other pending deadlines at this time.  In addition, Plaintiff has not

25  specified what documents related to this action he is still missing, or how he will be prevented

26  from litigating this case if they are not returned or replaced.

27         Accordingly, Plaintiff has failed to carry his burden of establishing the need to stay this

28  action, and the motion is denied.

3

1    **IV.    Motion for Emergency Injunction**

2           Plaintiff seeks an injunction on the named staff members at Mule Creek State Prison to

3    make them answer the Court's questions about the validity of Plaintiff's claims, and an order for

4    CDCR to return all legal documentation and papers which were removed from Plaintiff's cell.

5    (ECF No. 90, p. 3.)

6           **A.    Legal Standard**

7           "A preliminary injunction is an extraordinary remedy never awarded as of right."  *Winter*

8    *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a

9    preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

10   suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

11   favor, and that an injunction is in the public interest."  *Id.* at 20 (citations omitted).  An injunction

12   may only be awarded upon a clear showing that the plaintiff is entitled to relief.  *Id.* at 22 (citation

13   omitted).

14          Federal courts are courts of limited jurisdiction and in considering a request for

15   preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it

16   have before it an actual case or controversy.  *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);

17   *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S.

18   464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no

19   power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18

20   U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find

21   the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation

22   of the Federal right, and is the least intrusive means necessary to correct the violation of the

23   Federal right."

24          Furthermore, the pendency of this action does not give the Court jurisdiction over prison

25   officials in general.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v.*

26   *United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties

27   in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555

28   U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

**B.     Discussion**

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. Although Plaintiff's complaint has been screened and found to state cognizable claims, this does not mean that Plaintiff has shown a likelihood of success on the merits.  In fact, Defendants have both filed motions for summary judgment which may resolve all claims in their favor.  These motions remain pending before the Court.

In addition, this action proceeds only against Defendants Ridge and Savage, and at this time the Court lacks jurisdiction over any of the named individuals employed at Mule Creek State Prison, or CDCR staff generally, to issue an order regarding the return or restoration of Plaintiff's property or conducting an investigation of Plaintiff's allegations.

Finally, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction.  As discussed above, Plaintiff has already filed oppositions to both pending motions for summary judgment, there are other pending deadlines in this action, and Plaintiff has identified no other harm he will suffer in the course of the instant action.

**V.     Order and Recommendation**

Accordingly, the Court HEREBY ORDERS that:

1.  Plaintiff's motion for Defendant Ridge to obtain his own counsel, (ECF No. 91), is DENIED; and

2.  Plaintiff's motion for a stay of proceedings, (ECF No. 90), is DENIED.

* * *

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for emergency injunction, (ECF No. 90), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **March 7, 2023**　　　　　　　　　　/s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE