# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FREGIA,<br><br>          Plaintiff,<br><br>    v.<br><br>MIRANDA, *et al.*,<br><br>          Defendants. | Case No. 1:21-cv-01068-JLT-BAM (PC)<br><br>Appeal No. 23-15457<br><br>GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br>(ECF No. 97)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR STAY OF PROCEEDINGS PENDING RESOLUTION OF PLAINTIFF'S INTERLOCUTORY APPEAL<br>(ECF No. 97)<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE COPY OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF AND COPY OF THIS ORDER TO NINTH CIRCUIT |

**I.     Procedural Background**

Plaintiff Mark Fregia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Ridge and Savage based on Plaintiff's claims that Defendants were deliberately indifferent to Plaintiff's serious medical needs by continuing to prescribe medications that caused him to suffer lichen planus, and then failed to treat such skin condition.

Pending before the Court are Defendant Savage's motion for summary judgment, (ECF No. 75), and Defendant Ridge's motion for summary judgment, (ECF No. 81).  As of October 21,

2022, both motions are fully briefed.  (ECF Nos. 82, 85–88.)

On November 29, 2022, Plaintiff filed a notice to the Court regarding his property.  (ECF No. 89.)  Plaintiff then filed a request for emergency injunction and stay of further proceedings on December 27, 2022, (ECF No. 90), and a motion for Defendant Ridge to obtain his own counsel on January 5, 2023, (ECF No. 91).

In addressing the various filings, the Court found no merit to Plaintiff's argument that the Attorney General's representation of Defendant Ridge created a conflict of interest, and denied Plaintiff's motion to stay the proceedings in this action due to allegations regarding confiscation or destruction of Plaintiff's legal property.  (ECF No. 92 "March 8, 2023 order.")  Specifically, the Court found that because the two pending summary judgment motions were fully briefed before any of Plaintiff's property was allegedly confiscated or destroyed, Plaintiff did not specify what documents related to this action were still missing, and Plaintiff did not allege how he would be prevented from litigating this case without the return or replacement of the unspecified property, a stay was not warranted.  (*Id.* at 3.)  For similar reasons, and because the Court lacked jurisdiction over other individuals employed at Mule Creek State Prison (who are not parties to this action), the Court issued findings and recommendations to deny Plaintiff's request for injunctive relief.  (*Id.* at 5.)  Plaintiff was directed to file any objections to the findings and recommendations within fourteen days.  (*Id.*)

On March 23, 2023, in lieu of objections, Plaintiff filed a notice of appeal regarding the Court's March 8, 2023 order and findings and recommendations.  (ECF No. 93.)  Plaintiff's notice of appeal was processed to the Ninth Circuit Court of Appeals on March 24, 2023.  (ECF No. 94.)  On April 10, 2023, Plaintiff filed a motion requesting an extension of time to file his "opposition" to the March 8, 2023 findings and recommendations until twenty-one days after the ruling of the Ninth Circuit on his pending appeal.  (ECF No. 97.)  Plaintiff further requests an extension of thirty days, to April 13, 2023, to file his statement of appeal or opening brief with the Ninth Circuit.  (*Id.*)

Defendants have not yet had an opportunity to file a response, but the Court finds a response is unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

## II. Request for Extension of Time to File Objections

As Plaintiff's pending appeal is directly related to the Court's March 8, 2023 findings and recommendations, the Court finds good cause to grant the requested extension of time for Plaintiff to file his objections. Fed. R. Civ. P. 6(b). The Court further finds that Defendants will not be prejudiced by the brief extension granted here.

Once the Ninth Circuit has resolved Plaintiff's interlocutory appeal, the Court will issue an order resetting the deadline for Plaintiff to file his objections.

## III. Stay of Action Pending Interlocutory Appeal

To the extent Plaintiff requests a stay of the entirety of this action pending resolution of his interlocutory appeal, however, such request is denied.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, "[a]bsent a stay, an appeal seeking review of collateral orders does not deprive the trial court of jurisdiction over other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal. *Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990) (quoting *Manual for Complex Litigation* Sections 25.11, 25.16 (2d ed.)). Thus, before the Court goes forward with the case, it must determine whether Plaintiff is seeking review of a "collateral order" of the type discussed in *Britton*. If so, the Court and parties could proceed as planned. If the Court's ruling on Plaintiff's motion is inextricably bound up with the merits of this action, however, jurisdiction of all proceedings in this case are called into question and proper prudence suggests this Court refrain from taking further action. *See City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 886 (9th Cir. 2001) ("[T]he filing of a notice of interlocutory appeal divests the district court of jurisdiction over the particular issues involved in that appeal.")

The Court finds that Plaintiff's appeal, which is directed only at the March 8, 2023 order and findings and recommendations regarding the purported conflict of interest in the Attorney

3

General's representation of Defendant Ridge and Plaintiff's desire for a stay of this action pending an investigation into his property issues, does not deprive the Court of jurisdiction over other proceedings in this case, such as the pending summary judgment motions. Plaintiff has presented no argument supporting the proposition that a decision by the Court of Appeals would have a material impact on the merits of this action. Accordingly, a stay of this action pending resolution of the appeal is not warranted.

**IV.     Request for Extension of Time to File Opening Brief**

Plaintiff's request for an extension of time to file his opening brief is not properly before the District Court. *See* Fed. R. App. Pro. 26(b). The undersigned therefore declines to address this request, and a copy of this order and Plaintiff's motion will be served on the Ninth Circuit Court of Appeals for resolution. Plaintiff is advised that, unless otherwise indicated by the Federal Rules of Civil Procedure or Federal Rules of Appellate Procedure, requests regarding his pending appeal should be directed to the Ninth Circuit, rather than the District Court.

**V.     Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for extension of time to file his objections to the March 8, 2023 findings and recommendations, (ECF No. 97), is GRANTED;
2. Plaintiff's request for a stay of this action pending resolution of his interlocutory appeal, (ECF No. 97), is DENIED;
3. The Clerk of the Court is directed to send a copy of Plaintiff's motion for an extension of time to file his opening brief, (ECF No. 97), and a copy of this order, to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:     **April 17, 2023**           /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE