1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

10

11   MARK FREGIA,                                    Case No.  1:21-cv-01068-JLT-BAM (PC)

12            Plaintiff,                            FINDINGS AND RECOMMENDATIONS
                                                   DENYING PLAINTIFF'S MOTIONS FOR
13       v.                                        INJUNCTIVE RELIEF, SANCTIONS, AND
                                                   DEFAULT JUDGMENT
14   MIRANDA, *et al.*,                            (ECF Nos. 112, 115, 116)

15            Defendants.                          **FOURTEEN (14) DAY DEADLINE**

16

17                          <u>**FINDINGS AND RECOMMENDATIONS**</u>

18   **I.      Procedural History**

19          Plaintiff Mark Fregia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

20   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against

21   Defendants Ridge and Savage based on Plaintiff's claims that Defendants were deliberately

22   indifferent to Plaintiff's serious medical needs by continuing to prescribe medications that caused

23   him to suffer lichen planus, and then failed to treat such skin condition.

24          On March 8, 2023, the Court issued an order denying Plaintiff's motion for Defendant

25   Ridge to obtain his own counsel, denying Plaintiff's motion for a stay of proceedings, and

26   findings and recommendations to deny Plaintiff's motion for emergency injunction relating to his

27   property.  (ECF No. 92.)  In lieu of objections, Plaintiff filed an interlocutory appeal of the

28   findings and recommendations.  (ECF Nos. 93, 94.)  On April 20, 2023, the Ninth Circuit issued

1  an order dismissing Plaintiff's appeal for lack of jurisdiction, because the March 8, 2023 order

2  and findings and recommendations were not final or appealable.  (ECF No. 99.)  The Court

3  permitted Plaintiff an opportunity to file objections to the findings and recommendations, which

4  he filed on May 17, 2023.  (ECF No. 104.)  The District Judge adopted the findings and

5  recommendations on May 24, 2023.  (ECF No. 105.)

6       Plaintiff filed an interlocutory appeal of the May 24, 2023 order, as well as an amended

7  notice of interlocutory appeal, which were processed to the Ninth Circuit as Appeal No. 23-

8  15893.  (ECF Nos. 106–08.)  The Ninth Circuit affirmed the May 24, 2023 order, finding that

9  there was no abuse of discretion in the denial of Plaintiff's motion for preliminary injunction

10  because the requested relief was not tied to the claims and parties in the complaint, and that it

11  lacked jurisdiction over the order denying Plaintiff's motions for a stay of proceedings and for

12  disqualification of Defendant Ridge's counsel.  (ECF No. 117.)

13       Currently pending before the Court are Plaintiff's motions requesting sanctions, monetary

14  injunctive relief, and default judgment, (ECF Nos. 112, 115, 116), and supplemental evidence,

15  (ECF No. 114.)  As these motions were filed during the pendency of Plaintiff's interlocutory

16  appeal and raised overlapping issues, the Court declined to rule on the motions while the appeal

17  remained pending.  As Plaintiff's interlocutory appeal has now been resolved and the deadline for

18  any response from Defendants has now expired, the motions are deemed submitted.  Local Rule

19  230(l).

20  **II.    Plaintiff's Motions for Monetary Injunctive Relief, Sanctions, and Default Judgment**

21       Though filed separately, Plaintiff's motions all raise the same basic arguments and

22  requests for relief.  As such, the Court will summarize Plaintiff's arguments and address the

23  motions together.

24       Plaintiff alleges that counsel representing Defendant Savage in the instant action, William

25  Buranich, is conspiring with counsel Sarah Singer, who is representing the defendants in *Fregia*

26  *v. Chen*, Case No. 1:20-cv-01024-KES-EPG[1] (PC).  Each attorney is employed as a Deputy

27  Attorney General ("DAG") by the Office of the Attorney General of California.  Though Plaintiff

[1] Formerly Case No. 1:20-cv-01024-ADA-EPG (PC).

28

contends that the two actions are related, there does not appear to be any connection between the claims raised in the two cases.  Plaintiff alleges that the two attorneys are violating Plaintiff's constitutional rights because DAG Singer has filed documents illegally on behalf of DAG Buranich in the instant action, despite never appearing as an attorney or interested party to this action.  As proof of these allegations, Plaintiff presents declarations of service signed by staff in DAG Singer's office, which is located in San Diego, California.  Plaintiff argues that because DAG Buranich's office is located in San Francisco, California, this is evidence of forgery. Plaintiff then argues that because no action was taken to prevent this ongoing conspiracy, other individuals are now also subject to sanctions, including Clerk of the Court Keith Holland, the Magistrate Judges and District Judges assigned to the two cases, and supervisory staff from the Office of the Attorney General.

Plaintiff requests relief pursuant to a variety of rules and statutes, including: Federal Rules of Civil Procedure 7, 11, 45, 55(b), 81, and 83; Federal Rule of Evidence 78; the All Writs Act; Title 18 U.S.C. §§ 241 and 242; Senate Bill 1421; and California Penal Code § 832.7.  Plaintiff also requests a variety of relief, including: a stay of both cases until he can file subpoenas pursuant to Federal Rule of Civil Procedure 45 on DAGs Singer and Buranich, alternative dispute resolution, copies of all declarations of service, monetary damages, and default judgment.

**III.    Discussion**

The Court finds Plaintiff's allegations frivolous.  As demonstrated by the record in the two cases at issue, attorneys and support staff employed by the Office of the Attorney General are located throughout California, and the Court is aware of no Court, state, or federal rules or statutes that prohibit support staff from one office location from signing certificates of service on behalf of an attorney located at a different office.  Plaintiff's argument—that the signing of certificates of service by staff in San Diego on behalf of an attorney in San Francisco is evidence of a conspiracy between the attorneys to forge or fabricate documents—is frivolous and unfounded.  None of the authority Plaintiff cites in his motions supports an argument to the contrary.

///

Even assuming that such practices were improper, any requested injunctive relief is inappropriate, as the Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The named court staff and employees of the Office of the Attorney General are not parties to this action.  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  *Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

To the extent Plaintiff's motions can be construed as requesting recusal of any judge, Plaintiff's arguments are not sufficient to show personal bias or prejudice by the undersigned or any other judge assigned or previously assigned to these cases.  Plaintiff's argument that the Court is silently permitting allegedly unlawful acts to continue is akin to an argument that the Court has ruled adversely in his case.  However, "[a]dverse findings do not equate to bias." *United States v. Johnson*, 610 f.3d 1138, 1147 (9th Cir. 2010).

In light of the frivolous nature of Plaintiff's arguments, the Court declines to address in further detail Plaintiff's requests for relief under the cited criminal statutes, for further discovery, or for default judgment.  Plaintiff is forewarned against filing frivolous and meritless motions which unduly consume judicial resources; Plaintiff's conduct imposes a significant burden on the Court's limited resources in reviewing and deciding meritless, repetitious, and voluminous filings. Plaintiff must follow the Court's orders or risk sanctions, including termination of this action.

## IV.   Recommendations

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for sanctions and injunctive monetary relief for crimes in related cases, (ECF No. 112), be denied;

2. Plaintiff's motion for sanctions, default judgment, and monetary injunctive relief, (ECF No. 115), be denied; and

3. Plaintiff's motion for default judgment, (ECF No. 116), be denied.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 15, 2024**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE

5