# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FREGIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MIRANDA, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01068-JLT-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT RIDGE'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 81)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.    Introduction

Plaintiff Mark Fregia ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Ridge and Savage based on Plaintiff's claims that Defendants were deliberately indifferent to Plaintiff's serious medical needs by continuing to prescribe medications that caused him to suffer lichen planus, and then failed to treat such skin condition.

Currently before the Court is Defendant Ridge's motion for summary judgment[1] on the grounds that Plaintiff cannot produce evidence that Defendant Ridge ("Defendant") was deliberately indifferent to any serious medical need and that Defendant is entitled to qualified

---

[1] Defendant Savage filed a separate motion for summary judgment, (ECF No. 75), which was addressed by separate findings and recommendations.  (ECF No. 120.)

1

immunity. (ECF No. 81.)[2] Following an extension of time, Plaintiff filed a separate statement of undisputed facts on October 14, 2022, and an opposition to the motion for summary judgment on October 17, 2022. (ECF Nos. 86, 87.) Defendant filed a reply on October 21, 2022. (ECF No. 88.) Defendant Ridge's motion for summary judgment is fully briefed. Local Rule 230(l). For the reasons set forth below, the Court recommends that Defendant's motion for summary judgment be granted.[3]

## II. Legal Standard

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). If the movant will have the burden of proof at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Id.* (citing *Celotex*, 477 U.S. at 323). In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an

---

[2] Concurrent with the motion, Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. (ECF No. 81-1.); *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988).

[3] This motion was dropped inadvertently by the Court's CM/ECF reporting/calendaring system resulting in the prolonged delay in resolution.

1  absence of evidence to support the nonmoving party's case." *Id.*

2  If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting affirmative evidence from which a jury could find in [its] favor." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis omitted). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. *Id.* at 929; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56[], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

In arriving at these findings and recommendations, the Court carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. Omission of reference to an argument, document, paper, or objection is not to be construed to the effect that this Court did not consider the argument, document, paper, or objection. This Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate.

///
///
///
///

**III.     Discussion**

  **A.     Undisputed Material Facts ("UMF")**[4]

  1.     Between 2014 and 2017 (the relevant period), Plaintiff was incarcerated at Sierra Conservation Center ("SCC") in Jamestown, California.  (ECF No. 1 ("Compl."), p. 4, sec. 3 and p. 9, lines 5–7.)

  2.     Plaintiff was initially under the care of Defendant Savage at SCC, then transferred to Defendant Ridge.  (*Id.* at 9, line 16.)

  3.     Defendant continued to serve as Plaintiff's primary care physician until May 1, 2017, when Defendant left SCC for another position.  (ECF No. 81-2 ("Ridge Decl."), ¶ 12.)

  4.     Plaintiff suffers from two chronic and life-threatening conditions: hypertension and diabetes.  (*Id.* ¶ 6.)

  5.     The conditions cannot be cured but they can be treated and managed to limit their impact.  (*Id.*)

  6.     Such treatment typically consists of medication.  (*Id.*)

  7.     In Plaintiff's case, his hypertension had been treated with hydrochlorothiazide and other medications, while his diabetes was being managed with metformin.  (*Id.*)

  8.     This was the existing treatment plan when Defendant assumed Plaintiff's health care.  (*Id.*)

  9.     When he first took Plaintiff on as a patient, Defendant appropriately authorized refills of these medications on one or two occasions, consistent with the treatment plan for these conditions.  (*Id.*)

///

---

[4] *See* Statement of Undisputed Material Facts in Support of Defendant's Motion for Summary Judgment.  (ECF No. 81-4.)  Plaintiff did not comply with the rules in preparing his opposition, including by failing to reproduce Defendant's Statement of Undisputed Material Facts and providing "a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support" of any disputed facts, or providing a statement of disputed facts.  Local Rule 260(b).  As a result, Defendant's Statement of Undisputed Material Facts is accepted except where brought into dispute by Plaintiff's verified complaint and portions of his opposition to the motion for summary judgment signed under penalty of perjury.  *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence); *Johnson v. Meltzer*, 134 F.3d 1393, 1399–1400 (9th Cir. 1998) (same, with respect to verified motions).  Unless otherwise indicated, disputed and immaterial facts are omitted from this statement and relevant objections are overruled.

4

10. The medications had historically managed and controlled Plaintiff's life-threatening conditions, and Plaintiff had reported no allergic reactions or side effects from either drug. (*Id.*)

11. Plaintiff also suffered from two skin conditions. (*Id.* ¶ 7.)

12. One skin condition, seborrheic dermatitis, appeared as a rash on Plaintiff's face. (*Id.*)

13. A second skin condition, lichen planus, appeared as lesions on Plaintiff's lower legs. (*Id.*)

14. The seborrheic dermatitis was being treated with selenium sulfide. (*Id.*)

15. Plaintiff's lichen planus was being treated with hydrocortisone cream. (*Id.*)

16. At one point during his treatment, Plaintiff expressed concern that his medications for hypertension and diabetes were contributing to his lichen planus skin condition. (*Id.*)

17. While an extremely rare and unlikely result of those medications, Defendant made modifications to Plaintiff's treatment plan by adjusting his medications and referred Plaintiff to be seen by an outside dermatologist for his skin conditions. (*Id.* ¶ 8, Exs. A and B.)

18. Defendant thereafter prescribed new medications for the skin conditions as recommended by the dermatologist. (*Id.* ¶¶ 11 and 12, Exs. C and D.)

19. Plaintiff obtained an improvement in his skin conditions as a result of the adjustment and the use of topical treatments recommended by the dermatologist, who eventually reported that Plaintiff's lichen planus had cleared. (*Id.* ¶ 10, Ex. C.)

**B.     Parties' Positions**

Defendant Ridge contends that he was not deliberately indifferent to Plaintiff's serious medical needs. Rather, Defendant continued previous medications that had been prescribed for Plaintiff's serious medical conditions of hypertension and diabetes, in light of the fact that the medications seemed to be effective and Plaintiff was not reporting any side effects or allergies. When Plaintiff did express concerns about side effects of the medications, Defendant discontinued them and prescribed new ones. Plaintiff was also given a referral to a dermatology specialist for treatment of his skin condition. Defendant is also entitled to qualified immunity

1 because he did not violate Plaintiff's constitutional rights and Plaintiff has no clearly established
2 right to choose particular medical procedures.

3 In opposition, Plaintiff argues that Defendant has failed to present evidence that he was
4 not deliberately indifferent to Plaintiff's serious medical need.  Plaintiff argues that Defendant
5 refused to treat Plaintiff's lichen planus, did not allow Plaintiff to be referred to a skin specialist
6 or to be treated for the second skin disease, prescribed the most common offender medications
7 that cause lichen planus, and did not inform Plaintiff of the side effects of these medications or
8 discuss alternate treatments or permit Plaintiff to get a second opinion.  Only after Plaintiff read
9 medical books, discontinued his own medications, and filed a grievance, 3 years after he started
10 treatment with Defendant, did Defendant provide any treatment to Plaintiff.  The only documents
11 Defendant provided were from after this time period.  Plaintiff had begged to see a skin specialist
12 for seven years, and Defendant is liable for at least two of those years.  Defendant also refused
13 Plaintiff refills of the cream recommended by the dermatologist and made it has hard as he could
14 for Plaintiff to receive his refills.  Defendant only did what was necessary to keep Plaintiff from
15 gaining knowledge and facts about the improper care he had received for years, to escape
16 liability.  Summary judgment is not merited based only on Defendant's own declaration.

17 In reply, Defendant asserts that the summary judgment motion is supported by
18 uncontroverted evidence that Defendant took reasonable steps to treat Plaintiff's many medical
19 conditions, and such conduct does not evince deliberate indifference on the part of Defendant.
20 Federal Rule of Civil Procedure 56(c)(1)(A) specifically provides that a summary judgment
21 motion can be supported by declarations, and Defendant Ridge's declaration is based upon
22 personal knowledge and is supported by evidence attached as exhibits to his declaration.
23 Plaintiff's complaints regarding his treatment plan, or the speed with which changes were made to
24 that plan, are not sufficient to support a deliberate indifference claim.  Defendant is also entitled
25 to qualified immunity in the absence of a constitutional violation.
26 ///
27 ///
28 ///

**C. Analysis**

    1. <u>Defendant Was Not Deliberately Indifferent to Plaintiff's Medical Needs</u>

Based on the evidence in the record, Plaintiff has failed to show that Defendant was deliberately indifferent to Plaintiff's medical needs. The undisputed facts show that Defendant was Plaintiff's primary care physician between May 1, 2015 and April 30, 2017. UMF 3; Ridge Decl., ¶ 4. During that time, Defendant continued Plaintiff's existing treatment plan and continued to prescribe hydrochlorothiazide and metformin, which appeared to be effective in treating Plaintiff's hypertension and diabetes. UMF 4–9. Defendant also continued Plaintiff's existing treatment plan for his skin conditions, which called for Plaintiff's seborrheic dermatitis to be treated with selenium sulfide and his lichen planus to be treated with hydrocortisone cream. UMF 11–15. As the treatment plan appeared effective and without adverse side effects, the plan was not adjusted, except Defendant increased the potency of the topical cream Plaintiff was applying to his lichen planus from hydrocortisone to triamcinolone. Ridge Decl., ¶ 7. When Plaintiff expressed concern that his hypertension and diabetes medications were actually causing his lichen planus, Defendant and Plaintiff agreed to discontinue hydrochlorothiazide and metformin and try alternative treatments. UMF 17; Ridge Decl., ¶ 8. Defendant also referred Plaintiff to an outside dermatologist for a consultation. UMF 17. Defendant thereafter prescribed new medications for the skin conditions as recommended by the dermatologist, and the dermatologist eventually reported that Plaintiff's lichen planus had cleared. UMF 18–19.

Plaintiff argues throughout his opposition that he repeatedly asked Defendant to refer Plaintiff to a skin specialist after suffering for years, both before and while in the care of Defendant. Plaintiff further contends that Defendant then failed to provide proper medical care to Plaintiff, because he denied Plaintiff's requests for a referral and continued to prescribe and represcribe metformin and hydrochlorothiazide. Plaintiff also argues that because Defendant relies only on his own declaration, and only a medical expert witness can explain the reasons why Defendant's care was improper, summary judgment was not appropriate.

To the extent Plaintiff objects on the ground that Defendant's declaration constitutes hearsay, the objection is overruled. Declarations which contain hearsay are admissible for

summary judgment purposes if they can be presented in admissible form at trial. *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004). Furthermore, "[i]f the significance of an out-of-court statement lies in the fact that the statement was made and not in the truth of the matter asserted, then the statement is not hearsay." *Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1124 (9th Cir. 2004). At this stage, the Court does not find the hearsay objection raised by Plaintiff to be preclusive of the evidence submitted, or that the statements objected to were, in fact, hearsay.

Furthermore, Plaintiff's objection as to the lack of a medical expert witness is unpersuasive. Defendant adequately set forth the foundation for his knowledge and expertise in his declaration, and Plaintiff has not provided any contrary evidence to demonstrate a true dispute as to Defendant's expertise in this area. Plaintiff has not shown that he qualifies as an expert witness in order to be able to opine on the appropriateness and timeliness of the medical care he received. Fed. R. Evid. 702. As Plaintiff is a lay witness, the only admissible evidence he can provide on his own is limited to opinions that are rationally based on his perception; that are helpful to clearly understanding his testimony or to determining a fact in issue; and are not based on scientific, technical, or other specialized knowledge within the scope of Rule 702, such as medical opinions. *See* Fed. R. Evid. 701. While Plaintiff is correct that only a medical expert can explain the reasons why Defendant's care was improper, Plaintiff is the one who has failed to present such contradictory evidence.

Finally, Plaintiff's arguments that Defendant only provided the bare minimum treatment for Plaintiff's skin conditions to avoid liability for himself or his colleagues, or that such treatment was only provided after Plaintiff filed a grievance regarding his medical care, are not sufficient to show that Defendant acted with deliberate indifference. The undisputed facts show that Defendant continued a treatment plan that appeared to be effective in treating Plaintiff's various medical conditions, and when Plaintiff raised his concerns regarding potential side effects, responded by adjusting Plaintiff's medications and referring him to a skin specialist. Defendant then complied with the recommendations of the specialist and provided Plaintiff with additional medications recommended by the specialist. Plaintiff has provided no evidence, aside

from his own unsupported allegations, that Defendant actions prior to or during this time rose to the level of deliberate indifference. *See Rivera v. AMTRAK*, 331 F.3d 1074, 1078 (9th Cir. 2003) ("Conclusory allegations unsupported by factual data cannot defeat summary judgment.").

### 2. Qualified Immunity

Defendant also asserts that the Court should grant summary judgment on the basis of qualified immunity. However, the Court finds that this argument need not be reached, based upon the above determination regarding the undisputed facts in this case.

## IV. Conclusion and Recommendation

For the reasons explained above, the Court finds that Defendant Ridge is entitled to summary judgment on Plaintiff's claims that Defendant Ridge was deliberately indifferent to Plaintiff's serious medical needs by continuing to prescribe medications that caused him to suffer lichen planus, and then failed to treat such skin condition.

Accordingly, IT IS HEREBY RECOMMENDED that Defendant Ridge's motion for summary judgment, (ECF No. 81), be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 20, 2024**                     /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE